**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guy Conte,<br><br>           Plaintiff,<br><br>vs.<br><br>Ginsey Industries, Inc., et. al.,<br><br>           Defendants. | No. CV 12-0728-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Transfer Venue ("Motion") pursuant to 28 U.S.C. § 1404(a) (Doc. 10). The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiff Guy Conte ("Plaintiff") is an Arizona resident and former employee of Ginsey Industries, Inc. ("Ginsey"). *Id.* at 1. Defendant Ginsey is a Pennsylvania corporation with its principal place of business in Camden County, New Jersey. *Id.* Ginsey manufactures and sells a variety of products, including "toilet seats, shower and bath products, floor mats and rugs, potty training devices, kids' bathing devices, innovative and fun solutions for child feeding, and pet products." *Id.* at 2. Defendant Herbert Briggs ("Briggs") is Ginsey's Chief Executive Officer and a married individual who principally resides in Connecticut. *Id.*

In January 2009, Ginsey hired Plaintiff to serve as the company's Vice President of Special Sales. Plaintiff's employment arrangement allowed him to work from his home office in Georgia, but he was also required to "report to the New Jersey office and frequently travel

to other locations." Doc. 10-1 at 3. On October 19, 2009, Plaintiff moved to Arizona for personal reasons, but continued to work remotely for Ginsey. Doc. 12-1 at 2. In January 2011, Plaintiff was named Ginsey's Senior Vice President of Sales. Doc. 10 at 3. Plaintiff's job still required substantial travel, most frequently to New York and New Jersey. Doc. 10-1 at 2.

In February 2012, Plaintiff partnered with two businesses, Pet Head and Fetch, to present products at the Global Pet Show in Orlando, Florida. *Id.* At the trade show, Plaintiff allegedly had a disagreement with Fetch CEO Steven Shweky regarding their combined Pet Head-Ginsey-Fetch booth. After Mr. Shweky informed Defendant Briggs of the disagreement, Ginsey terminated Plaintiff's employment by telephone on March 16, 2012. *Id.* at 3.

On April 5, 2012, Plaintiff filed a Complaint against Defendant Ginsey and Defendant Briggs (collectively, "Defendants"), alleging wrongful termination, retaliatory termination, and discrimination in violation of the Conscientious Employee Protection Act ("CEPA") and the New Jersey Law Against Discrimination ("NJLAD"). Doc. 1. Plaintiff subsequently filed a First Amended Complaint on April 27, 2012. Doc. 4.

Defendants now move to transfer this case to the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Doc. 10.

**II.  LEGAL STANDARD**

The Court has the power to transfer venue under 28 U.S.C. § 1404(a), which provides in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citation omitted). These factors may include, but are not limited to:

(1) the location where the relevant agreements were negotiated and executed,

- 2 -

(2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99. In addition, "the relevant public policy of the forum state, if any, is [a] significant factor in the § 1404(a) balancing." *Id.* at 499.

Plaintiff's choice of forum is to be given greater deference where the plaintiff has chosen its home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 266 (1981). However, "[t]he interest of justice factor is the most important of all." *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005) (internal citations omitted). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Id.* (quoting *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997)). "Factors to be considered in the interest of justice analysis include 'ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case.'" *Revolution Distribution v. Evol Nutrition Associates, Inc.*, 2012 WL 2368634 (D. Ariz. June 21, 2012) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)).

### III. ANALYSIS

Defendants request transfer to the U.S. District Court for the District of New Jersey for the following reasons:

> Mr. Conte's law suit involves a dispute under New Jersey law concerning a New Jersey-based employment relationship . . . Arizona's contact with this lawsuit stems solely from Mr. Conte's personal decision to move [t]here well after his employment relationship started, though he continued to report to New Jersey up to and including the date of his employment termination. Ginsey does not have offices, real estate, manufacturing facilities, or employees (with the exception of Mr. Conte) in Arizona. Ginsey does not advertise or promote business in Arizona, and Arizona sales constitute les[s] than one percent of its total sales volume.

Doc. 10 at 2. Moreover, Defendants argue that Ginsey is subject to personal jurisdiction in New Jersey because a substantial part of the events giving rise to Plaintiff's claim occurred

- 3 -

1  in New Jersey—the location of Ginsey's headquarters and its principle place of business. *Id.*
2  at 5. Thus, Defendants argue that transfer under § 1404(a) to the District of New Jersey is
3  proper because the action might have been brought there.

4  In response, Plaintiff argues that his decision to file in his home forum should be
5  given "substantial weight" and that Defendants have failed to prove they have no contacts
6  with Arizona. Doc. 11 at 2. Specifically, Plaintiff cites Ginsey's product sales in Arizona
7  (through its website and several large retailers such as Target and Walmart) as evidence of
8  those contacts. *Id*. Plaintiff also highlights that he is a resident of Arizona and worked
9  remotely for Ginsey during the entirety of his employment. *Id*. at 3.

10  This Court has the "discretion to adjudicate motions for transfer according to an
11  individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at
12  498. Since it is not disputed that this case could have been brought in the District of New
13  Jersey, the relevant inquiry is which forum best serves the convenience of the parties and
14  witnesses and the interest of justice.

15  **A.  Convenience of Parties and Witnesses**

16  With regard to convenience of the parties, a plaintiff's choice of forum is usually
17  given "substantial deference" where the plaintiff has chosen its home forum. *Piper Aircraft*
18  *Co.*, 454 U.S. at 266. However, although Plaintiff in this case chose his home forum, this
19  factor is not dispositive when the parties' contacts with Plaintiff's chosen forum are limited.
20  *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

21  Here, Defendants argue that the *Jones* factors favor transferring this action to the
22  District of New Jersey. First, Defendants argue that Plaintiff's employment contract with
23  Ginsey was negotiated when he was a resident of Georgia, and that Plaintiff's personal
24  decision to move to Arizona was unrelated to the formation or execution of his employment
25  relationship. Defendants also note that Plaintiff was required to report to the company's
26  headquarters in New Jersey during the course of his employment, and that the "decision to
27  terminate [Plaintiff's] employment was made and communicated to him by Ginsey
28  executives in New Jersey and New York." Doc. 10 at 6. On the other hand, Plaintiff argues

- 4 -

that because his employment relationship with Ginsey was partially executed and ultimately terminated while he was a resident of Arizona, transfer is disfavored under the first factor of the *Jones* test. Doc. 11 at 3. However, given the Ninth Circuit's preference for transfer to "the location where the relevant employment agreements were negotiated and executed," *Jones*, 211 F.3d at 498, this Court finds Defendants' argument stronger. Since Ginsey had "no business need or desire for [Plaintiff] to reside in the west," Doc. 10-1 at 3, and Plaintiff continuously reported to and was overseen by New Jersey-based Ginsey managers throughout the duration of his employment, the Court finds that this factor weights in favor of granting Defendants' Motion.

Second, Defendants argue that New Jersey is the state most familiar with the laws implicated in this case. The Court agrees. Plaintiff's wrongful termination, retaliatory termination, and discrimination allegations are brought pursuant to the CEPA and NJLAP—both New Jersey state laws. Still, Plaintiff contends that Arizona is equally capable of interpreting and applying New Jersey law because "Arizona district courts have similar access to electronic legal research such as Westlaw or Lexis." *Id*. The Court finds this argument unpersuasive. As the Ninth Circuit notes, a state's familiarity with the governing law (rather than its ability to merely access or research that law) does factor into the appropriateness of venue transfer. *Jones*, 211 F.3d at 498. Accordingly, this Court finds that the District of New Jersey's familiarity with the CEPA and NJLAP weighs in favor of transfer.

Third, Defendants argue that Plaintiff's choice of forum should be given minimal weight because Arizona lacks any significant connection to Plaintiff's employment or the parties' cause of action. Defendants cite Plaintiff's personal choice to relocate to Arizona in October 2009, as well as his obligation to travel extensively and report to Ginsey management in New Jersey during the course of his employment, as evidence of Arizona's lack of connection to the parties' cause of action. The only argument Plaintiff offers to rebut Defendants' contention is that he was a resident of, and was present in, Arizona when Ginsey terminated him by telephone on March 16, 2012. Doc. 11 at 3. Since Plaintiff's choice of

forum is not dispositive, this Court finds that Ginsey's decision to terminate Plaintiff while in New Jersey, coupled with Plaintiff's contention that his termination constitutes an exclusive violation of New Jersey state law, favors transfer. *See Impra, Inc. v. Quinton Instruments Co.*, 1990 WL 284713, *1 (D. Ariz. June 26, 1990).

Fourth, Defendants argue that "[t]he availability of compulsory process to compel attendance of unwilling non-party witnesses and the ease of access to sources of proof weigh in favor of transferring this action to New Jersey." Doc. 10 at 8. Specifically, Defendants argue that all pertinent witnesses, with the exception of Plaintiff, are located outside the subpoena power of the District of Arizona. *Id*. If transfer is granted to the District of New Jersey, however, all "New York and Connecticut witnesses [would] be within the District Court's subpoena power and this would be most convenient for the various Ginsey employee-witnesses." *Id*. Defendants also believe that the New Jersey-based location of all applicable Ginsey employment and performance documents similarly weighs in favor of transfer. *Id*.

Plaintiff argues that although several key witnesses, including New York-based Fetch CEO Steven Shweky, are not subject to compulsory process in Arizona, these witnesses can be compelled to attend depositions in their home states by subpoena pursuant to Rule 45(b)(2)(C) of the Federal Rules of Civil Procedure. Doc. 11 at 4. As Plaintiff himself concedes, however, there is a strong preference for oral testimony in open court. Under Rule 43(a) of the Federal Rules of Civil Procedure:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43. Because Plaintiff fails to argue why the circumstances in this case justify substituting live, in-person testimony of non-party witnesses for that of a contemporaneous transmission or video testimony, the Court concludes that considerations of witness access and convenience favor transfer to New Jersey.

### B. Transfer and the Interest of Justice

Aside from the convenience of parties and witnesses, another important factor for this Court to consider is the interest of justice. Defendants argue that transfer is favored because "New Jersey has an equally strong public [interest in] deciding controversies brought under its laws." Doc. 10 at 9. The Court agrees and finds that transfer will ensure that this litigation, with respect to all parties and claims, proceeds in the most expeditious and efficient manner possible, thereby promoting public policy interest in judicial economy. Although Plaintiff is correct that "Arizona has a strong interest in ensuring that its citizens are compensated for their injuries," New Jersey has an equal, if not stronger, interest in litigating cases that exclusively implicate its legal principles and statutes. Doc. 11 at 3. As the Supreme Court notes: "The purpose of [§ 1404] is to prevent the waste of time, energy and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 27 (1960) (internal quotations omitted)). This Court finds that transfer will ensure the fair and expeditious treatment of both parties. Further, Defendants' requested venue is more convenient for an overwhelming majority of parties and witnesses, and the District of New Jersey is more familiar with and has a greater interest in adjudicating Plaintiff's CEPA and NJLAD claims. The Court therefore finds that in the interest of justice, transferring the case to New Jersey is appropriate.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Transfer Venue (Doc. 10) is granted.

DATED this 30th day of July, 2012.

_____
James A. Teilborg
United States District Judge